1  Caree Harper SBN 219048
   LAW OFFICES OF CAREE HARPER
2  The Howard Hughes Center
   6601 Center Drive West Suite 500
3  Los Angeles, CA 90045
   (213) 386-5078 Tel.
4  *www.attorneyharper.com*

5  Attorneys for **PLAINTIFF CLINTON D. ALFORD, JR.**

6

7

8          **UNITED STATES DISTRICT COURT**
           **IN THE CENTRAL DISTRICT OF CALIFORNIA**
9

10

11  **CLINTON D. ALFORD, JR.**              Case # CV 14-08874 FMO (AGR)

12                                          **COMPLAINT FOR DAMAGES**

13

14                          Plaintiff,      **1. CIVIL RIGHTS**
                                               **VIOLATIONS- 1983**
15        vs.                               **2.** *MONELL* **ALLEGATIONS**
                                            **3. CONSPIRACY- 1985 (2)&(3)**
16  **L.A.P.D.  CHIEF BECK, DET.**          **4. MALICIOUS PROSECUTION**
    **STEVEN RAZO#26761,**
17  **OFFICERS: GARCIA #37480,**
    **CORTEZ #35758,**
18  **McCOY#40166, TORNEK**
    **#38159 & CITY OF LOS**
19  **ANGELES,** *individually & in their*
    *official capacities as peace officers &*
20  *Does 1-10.*

21

22

23                          Defendants.

24  ///

25  ///

26  ///

27  ///

28  ///

                                    1

1    PLAINTIFF alleges:

2                          **I. JURISDICTION AND VENUE**

3         1.     Jurisdiction is vested in this Court under 28 U.S.C. §1343 (3)(4) for

4    the violation of the 1971 Civil Rights Enforcement Act, as amended, including 42

5    U.S.C Sections 1983, 1331 and 1367 (a).

6         2.     Venue is proper in the Central District of California and the County

7    of Los Angeles under 28 U.S.C. §1391 (b).

8           **II. ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9

10        3.     This action at law for money damages arises under Title 42

11   U.S.C. Sections, 1983 and 1988 and the United States Constitution, the laws

12   of the State of California and common law principles to redress a

13   deprivation under color of authority, state law of rights, privileges and

14   immunities secured to PLAINTIFF by said statutes, and by the Fourth, and

15   Fourteenth Amendments of the United States Constitution.

16                            **III. PARTIES**

17        4.     At all times herein mentioned, **PLAINTIFF CLINTON D.**

18   **ALFORD**, JR. (hereinafter: **"ALFORD"** or **"PLAINTIFF"**) at all relevant times

19   is and was a resident in the County of Los Angeles, California.

20        5.     Defendant **CHIEF CHARLIE BECK** (hereinafter: **"BECK"** or

21   **"CHIEF"**, is and was, at all relevant times, the Chief of the Los Angeles Police

22   Department (**LAPD**) and a sworn peace officer with supervising and policy

23   making authority at the LAPD.  BECK has possessed and continues to possess the

24   power and authority to adopt policies and prescribe rules, regulations and practices

25   affecting the operation of the LAPD, and particularly said Department's Patrol,

26   Gang & Narcotics, Internal Affairs Investigations, and Training Divisions; in

27   addition to LAPD's tactics, methods, practices and other operations and

28   subdivisions presently unidentified to the PLAINTIFF, yet affecting PLAINTIFF

1   and others in the Newton Division community.

2       6.      Defendant, **DET. II STEVEN RAZO #37480,** (hereinafter

3   "**RAZO**") is and was, at all relevant times a sworn peace officer with the LAPD.

4       7.      Defendant, **OFFICERS GARCIA #37480,** (hereinafter

5   "**GARCIA**") is and was, at all relevant times a sworn peace officer with the

6   LAPD.

7       8      Defendant, **CORTEZ #35758** (hereinafter "**CORTEZ**") is

8   and was, at all relevant times a sworn peace officer with the LAPD.

9       9      Defendant,**McCOY#40166** (hereinafter "**McCOY**") is

10  and was, at all relevant times a sworn peace officer with the LAPD.

11      10.     Defendant, **TORNEK #38159** (hereinafter "**TORNEK**") is

12  and was, at all relevant times a sworn peace officer with the LAPD.

13      11.     The, **CITY OF LOS ANGELES,** (hereinafter the "**CITY**") is

14  responsible for the actions of its employees, officials, and peace officers. The

15  LAPD is a subdivision of the CITY OF LOS ANGELES. The CITY is sued in its

16  own right and on the basis of the acts of its officials, agents, employees and

17  officers who at all times were sworn peace officers in the CITY OF LOS ANGELES

18  is a subdivision.

19      12.     At all times herein mentioned, DOES 1 through 10 were and now

20  are, duly appointed and acting LAPD peace officers or detectives. In performing

21  the acts hereafter described, defendants, each of them, were acting in their

22  capacity as peace officers and in performing the acts hereinafter described, acted

23  within the course and scope of their employment. PLAINTIFF is ignorant as to

24  the true names of the DOE Defendants. Once PLAINTIFF learns the names of

25  the DOE defendants, he will seek leave to amend this Complaint to identify the

26  DOE defendants. Each of the DOE defendants are sued in their individual and

27  official capacities.

28      13.     Each of the acts complained of herein was taken, and each violation

1   of PLAINTIFF'S rights occurred, pursuant to the policies, practices and/ or
2   customs of the DEFENDANT LAPD CHIEF, the CITY & potentially the Captain
3   of the LAPD Newton Division; each act complained of was approved, condoned
4   and/ or ratified by the person or persons of authority: Defendant CHIEF BECK
5   and others.

6      13.    In committing each of the violations of law complained of herein
7   defendants, their agents and employees were acting under color of law. The acts
8   complained of were willful, wanton, malicious and displayed a conscious
9   disregard of, and in deliberate indifference to PLAINTIFF's constitutional rights.

10

11                        **V.  STATEMENT OF FACTS**

12      14.    The PLAINTIFF alleges that as he rode his bicycle home the bike was
13   forcefully stopped by a plain-clothed Hispanic male, Unbeknownst to the
14   Plaintiff the unidentified person was a peace officer. Plaintiff ran for his life as
15   un-armed young Black males have recently been killed by "peace" officers with
16   their hands up- please don't shoot mode or have been the recipient of bullets
17   from gang members who have mistaken them for rival gang members.

18      PLAINTIFF was tased to the back and rendered disabled. PLAINTIFF was
19   restrained by one of more officers and detectives. PLAINTIFF was then beaten
20   and repeatedly kicked. PLAINTIFF was kicked so hard that the force of the kick
21   extracted a filling out of a tooth causing nerve damage and knocking him
22   unconscious. PLAINTIFF did not resist arrest, nor was he given warning that
23   police were attempting to detain or arrest him.

24      PLAINTIFF was severely injured and thus charged with possession of rock
25   cocaine for sale (a felony - 11351.5 H.S.) in addition to resisting arrest (148 (a) (1)
26   P.C. – a misdemeanor). Both charges were dismissed when Plaintiff's civil rights
27   counsel substituted into the malicious and frivolous criminal action against
28   Plaintiff in State court.

4

15.     The PLAINTIFF further asserts that officers wrote false reports to
cover up the beating and to portray the victim/PLAINTIFF as the
suspect/aggressor.   The Plaintiff restates and incorporates by reference, as
though fully set forth herein, the allegations contained in all paragraphs above.
///
///
///
///

CIVIL RIGHTS COMPLAINT FOR DAMAGES

### FIRST CAUSE OF ACTION:
### (VIOLATION OF FEDERAL CIVIL RIGHTS 4TH AMENDMENT VIOLATIONS: EXCESSIVE FORCE, CONSPIRACY, ASSAULT, BATTERY, DUE PROCESS VIOLATIONS42 U.S.C. § 1983) (Against Individual Defendants and Does 1-10)

16. PLAINTIFF restates and incorporates by reference the foregoing paragraphs of this complaint as if set forth in full to this point. This action at law for money damages arises under Title 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to PLAINTIFF by said statutes, and by the United States Constitution.

17. Commencing at or about the aforementioned date and place, Defendants, without lawful cause or justification, and acting under color of law, intentionally, maliciously seized, assaulted, and battered the PLAINTIFF, causing him to be wounded and humiliated.

18. PLAINTIFF alleges that he feared for his life and that the viciousness in which he was tased, beaten and kicked could have resulted in his death.

19. PLAINTIFF alleges that he was touched in an unlawful and non-consensual manner.

20. All individual defendants conspired to suppress these facts, and all individual defendants denied and/ or delayed medical attention.

21. Each of the individual defendants acted in concert, acted without authorization of law, and each of the individual defendants, separately and in concert, acted willfully, knowingly and with reckless disregard and deliberate indifference to the known consequences of their acts and omissions and purposefully with the intent to deprive the PLAINTIFF of his federally protected rights and privileges and did, in fact, violate those rights and privileges, entitling PLAINTIFF to punitive damages in an amount to be proven at trial.

22. As a direct and proximate result of the aforementioned acts,

6

1  omissions, customs and practices of the defendants, the PLAINTIFF has suffered
2  great mental and physical pain, suffering, anguish, fright, nervousness, anxiety,
3  grief, shock, humiliation, indignity, and embarrassment.

4      23.    As a proximate result of the aforementioned conduct of defendants,
5  PLAINTIFF sustained severe emotional injuries and required emotional
6  treatment, and has incurred and will continue to incur medical expenses for said
7  therapy in an amount according to proof at trial.

8      24.    The aforementioned acts and omissions of Defendants were
9  committed by each of them knowingly, willfully and maliciously, with the intent
10  to harm, injure, vex, harass and oppress the PLAINTIFF with conscious disregard
11  of the PLAINTIFF'S constitutional rights and by reason thereof, PLAINTIFF
12  seeks punitive and exemplary damages from Defendants, and each of them, in an
13  amount to be proven at trial.

14      25.    As a direct and proximate result of the foregoing, PLAINTIFF has
15  been damaged as recited above and demand and are entitled to the damages,
16  including, but not limited to, general and punitive damages and attorney's fees.

17
18                    **SECOND CAUSE OF ACTION:**
                      ***MONELL* ALLEGATIONS**
19              **(Against Defendant LAPD CHIEF BECK)**

20      26.    PLAINTIFF restates and incorporates by reference, as though fully
21  set forth herein, the allegations contained in paragraphs above.

22      27.    Prior to October 16, 2014, the DEFENDANT CHIEF developed and
23  maintained policies or customs exhibiting deliberate indifference to the
24  constitutional rights of the citizens in Los Angeles who were victims of excessive
25  force. DEFENDANT CHIEF ignored complaints of malfeasance and actively
26  covered up for his traffic officers thereby ratifying their unconstitutional unlawful
27  acts.

28      28.    Plaintiff further alleges that DEFENDANT CHIEF has in the past

1  and continues to knowingly ratify the unconstitutional actions of his peace
2  officers by shifting the blame to the victim of excessive force, misusing the
3  criminal justice system to obtain privileged and private information to discredit
4  said victims or circumvent the discovery rules in civil rights violation matters,
5  and to further maliciously prosecute the VICTIMS of excessive force to preclude
6  their civil rights actions.

7      29.    Plaintiff further asserts that DEFENDANT CHIEF knowingly allows
8  his subordinates and public relations to intentionally disperse false information
9  to cover for HIS officers wrongdoing.

10     30.    Instead of doing a real investigation into DEFENDANT officers
11 wrongdoing, DEFENDANT CHIEF'S policies and practices is to quash the
12 community uproar with untruths, delay tactics, and in this case literally
13 imprisoning and maliciously prosecuting the victim/ Plaintiff.

14     31.    PLAINTIFF believes and asserts that it was and still is the policy
15 and/or custom of the LAPD to inadequately and improperly investigate citizen
16 complaints of police misconduct, and said activity is at the behest of
17 DEFENDANT CHIEF BECK who is more concerned with hiring and promoting
18 his own children and friends than investigating police misconduct or being
19 "transparent" **(in the instant case: releasing the videotaped evidence**
20 **police misconduct ).**

21     32.    The DEFENDANT officers believed that their actions would be
22 ignored, approved and ratified by the CHIEF, AND supervisors and that
23 misconduct and excessive force would not be investigated or sanctioned, but
24 would be tolerated.

25
                          **THIRD CAUSE OF ACTION:**
26                  **42 U.S.C 1985 (2) &(3) CONSPIRACY**

27     33.    PLAINTIFF restates and incorporates by reference, as though fully
28 set forth herein, the allegations contained in paragraphs above.

1    34.    Commencing on the date of the PLAINTIFF'S seizure, and
2    thereafter, defendants, two or more of them, by reason of animus, conspired
3    together to act and/ or to fail to act, for the purpose of impeding, hindering,
4    obstructing and defeating the due course of justice in the State of California. The
5    Plaintiff was damaged and requests general and punitive damages and attorneys
6    fees as permitted. Accordingly a Governmental Tort Claim has been transmitted
7    to the offending agency.

8              **FOURTH CAUSE OF ACTION: MALICIOUS PROSECUTION**
9                       **(AGAINST INDIVIDUAL DEFENDANTS)**

10    35.    The Plaintiff incorporates by reference the proceeding paragraphs.
11    The Plaintiff was maliciously charged with 11351.5 H.S. and 148 PC when there
12    was no probable cause for said charges. Those charges have been dismissed.
13    ///
14    ///
15    ///
16
17
18
19
20
21
22
23
24
25
26
27
28

## PRAYER FOR RELIEF

Wherefore, PLAINTIFF prays for relief as follows:

1. For special and general damages in an amount to be determined pursuant to 42 U.S.C. Section 1988.

2. For compensatory and punitive damages, as permitted by law and according to proof at trial;

3. For costs of suit;

4. For attorneys fees;

5. For such other relief as this Court deems just and proper.

Dated: 11/10/14

Respectfully submitted,
LAW OFFICES OF CAREE HARPER

By: _____
Caree Harper
Attorney for PLAINTIFF

## DEMAND FOR JURY TRIAL

PLAINTIFFs hereby demand a trial by jury as to all issues and claims for relief.

Dated: 11/10/14

Respectfully submitted,
LAW OFFICES OF CAREE HARPER

By _____
Caree Harper
Attorneys for PLAINTIFF